### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEFANIE S. SINCLAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-62-GKF-FHM |
| ) | |
| WORKS & LENTZ, INC., a corporation, ) | |
| WORKS & LENTZ OF TULSA, INC., a ) | |
| corporation, ) | |
| HARRY LENTZ, JR., ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter comes before the Court on the Motion to Dismiss [Dkt. # 12] of defendants Works & Lentz, Inc.; Works & Lentz of Tulsa, Inc.; and Harry Lentz, Jr. Plaintiff Stefanie S. Sinclair alleges defendants mailed her a written notice of debt that violated the Fair Debt Collection Practices Act ("FDCPA"). Defendants seek dismissal of Plaintiff's class action petition under Fed. R. Civ. P. 12(b)(6).

**I. Standard**

Federal Rule of Civil Procedure 8(a) requires that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Complaints that fail to satisfy the rule are subject to dismissal under Fed. R. Civ. P. 12(b)(6). The current standard for 12(b)(6) motions follows a middle path between heightened fact pleading and allowing complaints based on conclusory allegations. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). After setting aside conclusory statements, the court considers whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662, 680, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). These facts are viewed in the light most favorable to the plaintiff. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Complaints must be sufficiently plausible to weed out claims that have no reasonable prospect of success, and sufficiently specific to "inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, 493 F.3d at 1177. "The issue on a 12(b)(6) motion 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Dickman v. Lahood*, 2012 WL 4442644, at *5 (D. Kan. Sept. 26, 2012) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002)).

## II. Background

This case was filed in Tulsa County District Court on January 29, 2014. Defendants removed the case on February 11, 2014. [Dkt. # 2]. Plaintiff seeks class certification pursuant to Okla. Stat. tit. 12, § 2023. [*Id.* at ¶¶ 7-17].

The Petition alleges defendants are attorneys who regularly engage in consumer debt collection activities, including litigation, and are debt collectors within the meaning of the FDCPA. [Dkt. # 2, Ex. A, Petition, ¶ 18]. Defendants, in an attempt to collect a consumer debt, sent the Plaintiff a form collection letter ("the Letter") concerning a debt allegedly owed to St. John Medical Center for medical services.[1] [*Id.* at ¶ 21]. The Letter, attached to the Petition, was the initial collection letter sent to plaintiff by defendants, and states in relevant part:

---

[1] The Petition contains one reference to "St. Francis Medical Center" [*Id.*]. This appears to be a typographical error, as the Letter and plaintiff's response refer only to "St. John Medical Center."

> UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT TO BE VALID. IF YOU NOTIFY THIS OFFICE IN WRITING OF ANY DISPUTE, WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, WE WILL VERIFY THE DEBT WITH OUR CLIENT AND SEND YOU A COPY OF SUCH VERIFICATION. THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

[*Id.* at ¶ 22; Dkt. # 2, Ex. A, Letter].

Count One, for Violations of the FDCPA, alleges (1) the Letter violates 15 U.S.C. § 1692g, because "the statute does not require the Plaintiff to dispute the debt in writing"; (2) the Letter "violates 15 U.S.C. § 1692g(5) as this whole portion of the statute has been willfully omitted from the entire letter";[2] and (3) violations of § 1692g rendered the Letter false, deceptive and misleading in violation of 15 U.S.C. § 1692e. [*Id.* at ¶¶ 23-25].

Count Two, for Unjust Enrichment, alleges defendants have been unjustly enriched and have wrongfully obtained monies from plaintiff and class members. [*Id.* at ¶ 30].

## III. Discussion

Defendants argue (1) the Letter does not require a dispute be made in writing; (2) § 1692g(a)(5) does not apply to the notice at issue; (3) plaintiff's unjust enrichment claim is conclusory; and (4) because plaintiff has no cognizable claim for relief, she cannot serve as a class representative.

### A. Count One, Violations of the FDCPA

Defendants agree with plaintiff that the FDCPA does not require disputes be made in writing. However, defendants contend the Letter imposes no such requirement in violation of the

---

[2] Plaintiff's response clarifies she is alleging defendants failed to include information required by § 1692g(a)(5).

statute. Rather, the language quoted in the Petition tracks the FDCPA, which requires that written notice of a debt include

> a statement that **if the consumer notifies the debt collector in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

15 U.S.C. § 1692g(a)(4) (emphasis added). The Letter includes such a statement, in terms substantially similar to the language of § 1692g(a)(4), and therefore imposes no additional requirements contradicting the FDCPA.

Next, defendants note that, by its terms, § 1692g(a)(5) applies only where the current creditor is not the same as the original creditor. The subsection requires

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address **of the original creditor, if different from the current creditor.**

15 U.S.C. § 1692g(a)(5) (emphasis added). "A plain reading of this section shows that it applies only if the original creditor is 'different from the current creditor.'" *Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp. 2d 1120, 1132 on reconsideration, 339 F. Supp. 2d 1064 (W.D. Wis. 2004). The Petition does not allege the original creditor differs from the current creditor, nor does the Letter contain any such indication. Plaintiff's quotations from caselaw are unavailing, as they stand for the general proposition that the notice requirements of § 1692g(a) are mandatory. None hold that a subsection (a)(5) statement is mandatory in every instance. Though plaintiff contends the Letter must "expressly identify" the original creditor as such, none of the cited cases contain such a requirement.

In her response, plaintiff makes a new factual allegation that the Letter was misleading because it improperly suggests an attorney had reviewed the specific debt. This allegation is contradicted by the Letter, which states, "At this time, no attorney with this firm has personally

4

reviewed the particular circumstances of your account." [Dkt. # 2, Ex. A, Letter]. Furthermore, this allegation does not appear in the Petition. "Despite having had a reasonable opportunity to add the factual allegation contained in her [brief] to the Complaint, Plaintiff has failed to [do] so." *Leonard v. Commc'n Techs., Inc.*, 2006 WL 126491, at *1 (W.D. Okla. Jan. 17, 2006).

Count One for Violations of the FDCPA does not provide factual allegations sufficient to state a cognizable claim under § 1692g and is dismissed.

**B. Count Two, Unjust Enrichment**

In her response, Plaintiff concedes she "has no unjust enrichment claim at this time, and withdraws that allegation." [Dkt. # 17 at 5]. Count Two for Unjust Enrichment is therefore dismissed.

**C. Class Certification**

Plaintiff has failed to sufficiently allege either of the counts for which she seeks class-wide relief. "When a named plaintiff has no cognizable claim for relief, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010). As no claim survives dismissal, the request for class certification is denied.

Defendants seek dismissal with prejudice. Plaintiff has made no request to amend the Petition in the event of dismissal. As plaintiff's contentions are contradicted by the plain language of the FDCPA and the Letter, and as plaintiff concedes her claim for unjust enrichment, the Petition is dismissed with prejudice.

**IV. Conclusion**

Defendants' Motion to Dismiss [Dkt. # 12] is granted.

**IT IS SO ORDERED** this 21st day of May, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT